■ UNION FREE SCHOOL DISTRICT NO. 3, TOWN OF BROOKHAVEN (COMSEWOGUE SCHOOL DISTRICT), Appellant, v. BIMCO INDUSTRIES, INC., Respondent.— In an action for a mandatory injunction, which action was amended to become an action for a declaratory judgment, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered July 11, 1972, which dismissed the complaint on the merits. Judgment reversed, on the law and the facts, with costs, interlocutory judgment granted to plaintiff declaring the rights of the parties, adjudging defendant to have breached its contract with plaintiff, and case remanded to the trial court to assess the damages, if any, sustained by plaintiff as a result of the breach of contract. Defendant was the successful low bidder for a contract to provide transportation by bus for the pupils in plaintiff's school district. In the "Information for Bidders", defendant and other bidders were advised, *inter alia,* that compensation would be on a per-bus basis with an additional percentage, over and above the bid unit price, for each bus transporting pupils to schools operating on split sessions. The additional percentage would be prorated and paid to the contractor for as long as split sessions exist within the life of the contract. They were also advised that there were currently 90 individual routes. Twenty-five sample routes indicating typical runs were set forth for guidance purposes. While "up to the minute" bus routes were to be furnished to the contractor before school opened, plaintiff reserved the right to make adjustments in these bus routes "all year long". This "Information for Bidders" was attached to and made part of a three-year "Transportation Contract" entered into between plaintiff and defendant following acceptance of defendant's bid. During the first year of the contract, defendant transported all the students eligible for bus transportation to the five schools then in operation in the district covered by the contract. Two of those schools operated on split sessions and defendant was paid extra compensation for the late runs in accordance with the contract. At the beginning of the second year, two new schools were opened. They had been under construction at the time defendant submitted its bid, but were not mentioned in the contract. The split sessions were eliminated and the bus routes were modified to include the two new schools. Defendant serviced the routes as modified, but submitted invoices for the split session differential and for additional mileage entailed in the revised routes. Plaintiff rejected these claims on the grounds that the split sessions had been eliminated and that there was no provision in the contract for additional mileage. Thereafter defendant refused to service the two new schools, claiming that its obligation under the contract was limited to transporting the students attending the five schools listed in the contract. Plaintiff, on the other hand, contended that defendant is obligated under the contract to transport all eligible students of the district, without regard to the particular school they attend. The disruption which followed defendant's refusal to service these two new schools precipitated this lawsuit by plaintiff, in which plaintiff sought damages for breach of contract and a judgment "compelling the defendant to comply with all the terms and conditions of its transportation contract." It also sought and obtained a preliminary injunction ordering defendant to provide transportation to all the schools in the district, including the new ones. While it appears that during the trial plaintiff withdrew its allegations pertaining to damages for breach of contract, we construe the express reservation of the issue of loss of State aid and the retention of the cause of action for a mandatory injunction as preserving the issue with respect to defendant's alleged

breach of contract. Accordingly, the questions before the trial court were, and the questions before us for review are, whether the parties intended the contract to include transportation to the two new schools and whether defendant breached its contract in refusing to service these schools. In our opinion, the trial court's conclusion that the contract required defendant to transport pupils over routes designated by plaintiff, but only to schools in existence at the time the contract was made, imputes an intent on the part of the contracting parties which is not supported by the record. The thrust of the arrangement between the parties reflected in all the documents forming part of the " Transportation Contract", including but not limited to the " Information for Bidders", is that defendant provide the pupils with transportation on a per-bus compensatory basis along the routes designated and as modified from time to time during the term of the contract. The record and the conduct of the principals of the corporate parties to the contract reflected therein support the reasonable conclusions (1) that defendant was fully aware that the two new schools would be in operation during the term of the contract, (2) that defendant contemplated servicing these schools pursuant thereto and (3) that at no time was it intended that plaintiff forego its responsibility to obtain maximum bus service efficiency in the exercise of its right to designate and modify the bus routes. We do not consider the extra mileage involved a factor necessitating a result which would subject plaintiff to additional expense and which would, in effect, continue to give defendant the benefit of split sessions when the necessity therefor was eliminated after the two new schools were completed. Nor was there anything in the route modification clause of the contract which provided for or which reflected an intent to provide for any increase in cost by reason of such modification. Nor is it disputed that the modifications were reasonable and were made in good faith. Accordingly, we conclude that defendant is obligated to transport all eligible students of the school district, including those attending the two new schools, in accordance with the route modifications established by plaintiff, and that defendant's failure to discharge the obligation constituted a breach of contract. Plaintiff is therefore entitled to judgment declaring the rights of the parties as aforesaid and adjudging defendant to have breached its contract and liable to plaintiff for any damages sustained thereby. The case should be remanded to the trial court for an assessment of such damages, if any. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.